# NABER,
*Appellant,*

*v.*

# KRIEGER et al,
*Respondents.*

## (A8210-06587; CA A35463)

717 P2d 1268

Arthur B. Knauss, Milwaukie, argued the cause and filed the brief for appellant.

Jack D. Howe, Portland, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Plaintiff and defendants Krieger[1] entered into an earnest money agreement whereby the latter agreed to purchase residential property. Part of the consideration was the assignment to plaintiff of defendants' obligees' interest in two promissory notes and the trust deeds securing them. Plaintiff signed a writing approving the security for the notes on May 4, 1981. The trust deeds were subordinate to a prior mortgage. Before the closing date, the mortgagee brought a foreclosure proceeding. Defendants did not inform plaintiff of the those proceedings. Plaintiff brought this action, alleging that defendants thereby committed fraud.

The case was tried to the court. It found that the agreement between the parties had become final and binding on May 4, 1981, before the foreclosure actions were brought, and, therefore, that "the risk of the trust deeds becoming of less value and ultimately valueless after the making of that agreement was on [plaintiff] and not on [defendants]." The trial court entered judgment for defendants, and plaintiff appeals. His only assignment of error is:

> "The trial court erred in finding as a matter of law that the earnest money agreement and addendum were a completed and binding contract as of May 4, 1981."

■ It is not wholly clear whether plaintiff's argument is that, as a matter of law, the trial court erred in a finding or in a legal conclusion. Plaintiff does not assist us by setting out the court's ruling verbatim or citing the location in the record of the challenged conclusion or finding of fact concerning the time the agreement was "completed and binding." Be that as it may, we conclude from our review of the record that the court found as a fact that it was the parties' intent that the agreement be binding as of May 4, 1981. There is evidence to support that finding.[2]

---

[1] The other defendants are not parties to the appeal. The term "defendants" in this opinion refers to the Kriegers.

[2] Plaintiff's argument on the point is as unclear as his assignment of error. He *appears* to contend both that the *evidence* of when the parties intended the agreement to be binding was conclusively contrary to what the court found and that the contract was conclusively to the contrary *by its unambiguous terms.* We disagree with both contentions.

Plaintiff also argues that, regardless of when the contract was consummated, defendants' nondisclosure was fraudulent and actionable. *See Millikin v. Green,* 283 Or 283, 583 P2d 548 (1978); Restatement (Second) Torts, § 551(2)(c) (1977). That argument is clearly outside the scope of the assignment of error, and we decline to reach it.

Affirmed.